UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT CLEVELAND MITCHELL III, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-728 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MICHIGAN DEPARTMENT OF | ) | |
| CORRECTIONS et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against the Michigan Department of Corrections (MDOC) as the MDOC is immune from suit. The case may proceed against the second defendant, Patricia L. Caruso, Director of the MDOC. In addition, for the reasons discussed below, the Court will deny Plaintiff's request for class certification.

**Discussion**

I.      Factual Allegations

Plaintiff is presently incarcerated at the Carson City Correctional Facility.   On August 29, 2005, the Fox Television Network began a new 22 part series titled "Prison Break."   On August 26, 2005, the MDOC adopted a system wide blackout of the "Prison Break" series.[1]   An MDOC spokeperson advised that the reason for the blackout policy was because the series was "unacceptable for viewing," and was to ensure that "inmates don't see architectural drawings for underground utility tunnels or watch movies about prison riots."   Allegedly, no MDOC official had previewed the series before the blackout decision was made.   The cable programing of the Fox Television Network is paid for from funds in the systemwide Prison Benefit Fund.

Plaintiff claims that the decision to blackout Prison Break constitutes a violation of the First Amendment.   Additionally, Plaintiff claims that inmates have a property interest in the Prison Benefit Fund, which paid for access to the Fox Television Network, so that the blackout without adequate notice, a hearing and compensation violated due process.   Plaintiff is suing the MDOC and MDOC Director Patricia Caruso, in her official and individual capacities. Plaintiff seeks declaratory and injunctive relief.

II.   Request for Class Certification

Plaintiff has titled his complaint as a class action, which the Court construes as a request for class certification.   For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation.   *See* FED. R. CIV. P. 23(a)(4).

---

[1] According to Plaintiff, Prison Break concerns a prison architect who goes undercover inside a prison he has designed in order to help his wrongfully convicted brother on death row to escape.

The Fourth Circuit has held that incarcerated, *pro se* litigants are inappropriate representatives of the interests of others. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Sule v. Story*, No. 95-1422, 1996 WL 170156, at * 1 (10th Cir. Apr. 11, 1996) (unpublished) (collecting cases). In numerous unpublished decisions, the Sixth Circuit has followed the Fourth Circuit's decision in *Oxendine*. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. Apr. 25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257 (6th Cir. May 7, 1991). Accordingly, because Plaintiff is an incarcerated, *pro se* litigant, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny Plaintiff's request for class certification.

### III.  Immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The MDOC is an administrative agency within the executive branch of

Michigan's government. *Merlino v. Michigan Dep't of Corr.*, No. 05-73608, 2005 WL 3107740, at *2 (W.D. Mich. Nov. 18, 2005). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Michigan Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Michigan Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).

With regard to Defendant Caruso, Plaintiff requests only injunctive and declaratory relief. Ordinarily, a suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity; in this case, the MDOC. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Nevertheless, an official-capacity action seeking injunctive and declaratory relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar injunctive relief against a state official).

Accordingly, Plaintiff's suit against the MDOC is barred by the Eleventh Amendment, but he may proceed against Defendant Caruso for injunctive and declaratory relief.

### Conclusion

Having found that Plaintiff is not an appropriate representative of a class, the Court will deny his request for class certification. Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that the MDOC is immune from suit, but that the complaint is not frivolous and states at least one cognizable claim for injunctive and declaratory

relief against Defendant Caruso.  This action will therefore be dismissed against the MDOC pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An Order consistent with this Opinion will be entered.


Date:    January 31, 2006                          /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   CHIEF UNITED STATES DISTRICT JUDGE