UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CLEVELAND MITCHELL, III,

        Plaintiff,                                  FILE NO. 1:05-CV-728

v.                                                 HON. ROBERT HOLMES BELL

PATRICIA CARUSO,

        Defendant.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. Defendant filed a motion for summary judgment (docket #19). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion and enter judgment for Defendant (docket #39). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #41). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

**I.**

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On a motion for summary judgment, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim. *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof."

*Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  After reviewing the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion.  *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)).  In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial.  *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480.  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

## II.

In his complaint, Plaintiff Mitchell challenges the constitutionality of a security policy implemented by the Michigan Department of Corrections (MDOC) in August 2005, which restricts Plaintiff's ability to watch regular television broadcasts of the "Prison Break" television series.  Under the policy, cable reception is blocked throughout the prison system during the time the program is normally broadcast.  As described by Plaintiff, the plot of the

series is as follows: "'Prison Break' concerns a prison architect who goes undercover inside a prison he has designed in order to help his wrongfully convicted brother on death row to escape." (Pl. Br. at 27, docket #28).

In recommending that Defendant's motion for summary judgment be granted, the Magistrate Judge first found that Plaintiff had no constitutional right to watch television and therefore a restriction on that privilege did not violate Plaintiff's First Amendment rights. Second, the Magistrate Judge concluded that Plaintiff had no liberty or property interest in the cable television broadcast. Third, the Magistrate Judge concluded that, even if Plaintiff did have a First Amendment right to watch the weekly program, the MDOC policy of blocking reception easily satisfies the deferential standard of being reasonably related to legitimate penological interests set forth in *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Plaintiff first objects that he has not raised a claim that he has a constitutionally protected right to watch television. Instead, he asserts, he has alleged that, by restricting access to a particular program, the MDOC has arbitrarily engaged in content-based censorship, in violation of the First Amendment. He contends that the proper standard for determining whether the restriction violates the First Amendment is that set forth under *Turner*, 482 U.S. at 89.

Plaintiff's objection is frivolous. The Court finds no error in the Magistrate Judge's discussion of the issue. However, to the extent the Magistrate Judge rejected an additional claim that Plaintiff did not intend to raise, Plaintiff is not prejudiced by the finding. Plaintiff

4

contends that the only appropriate standard for review of his First Amendment claim is that set forth *Turner*, 482 U.S. at 89. The Magistrate Judge considered and applied the *Turner* standard in a subsequent section of the R&R. Plaintiff's objection, therefore, is meritless.

Plaintiff next argues that the Magistrate Judge failed to address his claims that the MDOC's restriction on cable access was both overbroad and void for vagueness. As the Supreme Court repeatedly has discussed, facial invalidation under the overbreadth doctrine is "strong medicine" that should be utilized "only as a last resort." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). "[T]he overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* at 615. "[T]he mere fact that one can conceive some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984). Instead, there must exist "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Id.* at 801. "A law is overbroad under the First Amendment if it 'reaches a substantial number of impermissible applications' relative to the law's legitimate sweep." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*, 274 F.3d 377, 387 (6th Cir. 2001) (quoting *New York v. Ferber*, 458 U.S. 747, 771 (1982)). In addition, in determining a facial challenge to a statute, if the statute is "'readily susceptible' to a narrowing construction that would make it constitutional, it will be upheld." *Virginia v. Amer.*

5

*Booksellers Ass'n*, 484 U.S. 383, 397 (1988) (citations omitted). Moreover, the overbreadth doctrine ordinarily may not be invoked by "a person to whom the enactment may constitutionally be applied . . . ." *Ferber*, 458 U.S. at 767.

Inasmuch as Plaintiff may only represent his own interests, *see Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753 (6th Cir. 2005), and since he complains that its application unconstitutionally limits his own First Amendment rights, his claim again turns on whether the MDOC limitation constitutes a proper restriction under the standard of *Turner*, 482 U.S. at 89. If the MDOC restriction is properly applied to Plaintiff as a prisoner, his overbreadth challenge must fail. *Ferber*, 458 U.S. at 767. Moreover, Plaintiff fails to identify any meaningful factual question concerning overbreadth; his challenge is to the clearly understood and precise restriction imposed: the curtailment of cable television access during the regular hours of broadcast of "Prison Break."

Plaintiff's contention that the restriction is unconstitutionally vague is equally frivolous. A law is void for vagueness "if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "Vague laws are problematic because they (1) 'may trap the innocent by not providing fair warning,' (2) fail to 'provide explicit standards for those who apply them,' and (3) threaten 'to inhibit the exercise of First Amendment freedoms.'" *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trustees*, 411 F.3d 777, 798 (6th Cir. 2005) (quoting *Grayned*, 408 U.S. at 108-09). A regulation must "define the criminal offense with sufficient definiteness that ordinary people can understand what

conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *see also Deja Vu of Cincinnati*, 411 F.3d at 798; *United States v. Salisbury*, 983 F.2d 1369, 1378 (6th Cir. 1993) (a law is not unconstitutionally vague if "ordinary people, exercising ordinary common sense, can understand it and avoid conduct which is prohibited").

Plaintiff has identified absolutely no basis for concluding the restriction in issue is vague. Ordinary persons are perfectly capable of understanding the breadth and extent of the restriction in issue. The argument is frivolous.

Plaintiff next objects to the Magistrate Judge's recommendation that, assuming Plaintiff has a First Amendment right to television access that is not content-restricted, the MDOC's restriction on Plaintiff's right was constitutional because it was "reasonably related to legitimate penological interests." *See Turner*, 482 U.S. at 89.

In *Turner*, the Court set forth four factors "relevant in determining the reasonableness of the regulation at issue." 482 U.S. at 89-91. First, there must be a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it. *Id.* at 89 (quoting *Block v. Rutherford*, 468 U.S. 576, 586 (1984)). Second, the reasonableness of a restriction takes into account whether there are "alternative means of exercising the right that remain open to the prison inmate." *Turner*, 482 U.S. at 90. Third, a court should consider the "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally."

7

*Turner*, 482 U.S. at 90. Finally, the existence or absence of ready alternatives of accommodating the prisoner's rights is relevant to reasonableness. *Turner*, 482 U.S. at 90. As stated by the Court, this final factor "is not a 'least restrictive alternative' test." *Id.* at 90. Prison officials need not show that "no reasonable method exists by which [prisoners'] rights can be accommodated without creating bona fide [prison] problems." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350 (1987). *See also Thornburgh v. Abbot*, 490 U.S. 401, 413 (1989) (applying *Turner* standard to restrictions on incoming prisoner mail). Instead, an inmate claimant must be able to point to an alternative that fully accommodates the prisoner's rights at de minimis cost to the valid penological interests of the prison. *Turner*, 482 U.S. at 90-91. A court reviewing prison regulation is generally reluctant "to substitute our judgment on . . . difficult and sensitive matters of institutional administration for the determinations of those charged with the formidable task of running a prison." *O'Lone*, 482 U.S. at 353.

The Magistrate Judge concluded that no reasonable factfinder could dispute that Defendant had articulated and supported a valid, rational connection between the prison regulation and the legitimate governmental interest in prison safety and security. As the Magistrate Judge observed, the rational connection between blocking weekly reception of a television program about a prison architect's efforts to use his design knowledge to assist in a prison escape and the interest of the MDOC in preventing prison escapes could not be more apparent.

Because the restriction is reasonably related to a legitimate penological interest, under *Turner*, the restriction is content-neutral. *See Thornburgh*, 490 U.S. at 415-16 (holding that regulations are "'neutral' in the technical sense in which [the Supreme Court] meant and used that term in Turner," when, as with these regulations, they "draw distinctions between [communications] solely on the basis of their potential implications for [a legitimate penological objective]"), *quoted in Thompson v. Campbell*, 81 F. App'x 563, 567 (6th Cir. 2003). Further, Plaintiff continues to have access to a broad range of television channels and programming on the cable system, as well as to many other forms of communication.

Moreover, regardless of Plaintiff's hyperbolic suggestions that the restriction is overbroad and excessive, the blocking of the regular broadcast could hardly be more reasonably tailored to meet the prison objective. Plaintiff makes no effort to demonstrate a less restrictive alternative that would still meet the MDOC's interest in preventing prisoners from viewing a program that has as its very premise the idea of using prison architecture to assist a prisoner escape. *See Turner*, 482 U.S. at 90-91. Instead, Plaintiff merely asserts that the interest asserted by the MDOC is unimportant. The Court concludes that the reasonableness and narrowness of the restriction fully meet the remaining *Turner* factors. The recommendation of the Magistrate Judge therefore is adopted.

In his next objection, Plaintiff argues that the MDOC's policy is constitutionally impermissible because it delegates unfettered administrative discretion to public officials in the administration of content-neutral restrictions on speech. Plaintiff's argument is both

9

factually and legally unsupported. First, nothing about the restriction suggests that prison administrators have unfettered discretion to limit First Amendment rights. Instead, they are bound by the Constitution to limit any restrictions on First Amendment rights to those reasonably related to legitimate penological objectives, as set forth in *Turner*, 482 U.S. at 89. As a factual matter, therefore, Plaintiff's assertion is unsupported. Second, the Supreme Court "ha[s] often said that evaluation of penological objectives is committed to the considered judgment of prison administrators, 'who are actually charged with and trained in the running of the particular institution under examination.'" *O'Lone*, 482 U.S. at 349 (quoting *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)). Federal law therefore expressly confers on prison administrators the discretion and judgment to engage in the kinds of evaluation to which Plaintiff objects, subject only to the deferential review previously discussed. The discretion to which Plaintiff objects, therefore, is expressly contemplated by the federal standard of review.

Plaintiff next argues that the Magistrate Judge erred in concluding that he had no property interest in cable television viewing. He asserts that, because cable television in the prison is funded by the Prison Benefit Fund, to which Plaintiff has contributed by way of his prison commissary purchases and participation in special activities, he has a property interest in unrestricted television viewing. In his objections, he essentially reargues the case law presented to the Magistrate Judge.

The Court has thoroughly reviewed the analysis of the R&R and finds no error. For the reasons more fully discussed by the Magistrate Judge, the Court concludes that Plaintiff had no property or liberty interest in viewing television generally or "Prison Break" specifically. He therefore fails to support a Due Process claim.

Finally, Plaintiff argues that the Magistrate Judge erred by not addressing whether Defendant is entitled to qualified immunity for her decision to block the regular broadcast of "Prison Break." Because the Magistrate Judge recommended and this Court agrees that Plaintiff has failed to demonstrate a constitutional violation, the Court need not address the question of qualified immunity.[1]

---

[1] Plaintiff also raises an objection to the Magistrate Judge's September 27, 2006 denial of Plaintiff's motion to amend the complaint to add Deputy Director Dennis Straub as a party defendant. Under 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a), a federal magistrate judge may be designated to hear and determine nondispositive pretrial matters. *Id.* Rule 72(a) provides in relevant part:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

FED. R. CIV. P. 72(a). Because Plaintiff did not file an objection to the Magistrate Judge's September 27, 2006 order within ten days of the decision, he has waived the objection. It is not properly raised in the objections to the R&R on the motion for summary judgment.

## III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly, the Court will grant Defendant's motion for summary judgment and enter judgment for Defendant. A judgment consistent with this opinion shall be entered.


Date:   February 22, 2007           /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE